UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| RANDY SANTOS<br>908 Orchard Way<br>Silver Spring, MD 20904,<br><br>    Plaintiff,<br><br>v.<br><br>THE ABACUS GROUP, P.C.<br>D/B/A MILLERMUSMAR CPAS<br><br>Serve:<br><br>    Schumack Ryals PLLC<br>    Registered Agent<br>    3900 Jermantown Road, Suite 300<br>    Fairfax, VA 22030<br>    (Fairfax County),<br><br>    Defendant. | Civ. A. No. 1:14CV1651<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, through counsel, for his complaint against Defendant, respectfully states as follows:

### PARTIES

1. Plaintiff Randy Santos ("Mr. Santos") is, and at all relevant times has been, a professional photographer based in the metropolitan Washington D.C. area. Mr. Santos's livelihood and his family's livelihood depend on revenues from Mr. Santos selling his copyrighted photographs. Mr. Santos is a resident of the State of Maryland. He sells his photographs through the websites he maintains at www.dcstockimages.com, www.dcstockphotos.com, and www.randysantos.com, all of which provide express written

notice of Mr. Santos's ownership of copyrights in the images offered for sale or license. (Exs. A, B and C). These three copyright notices were present and visible at the time defendant copied and reproduced Mr. Santos's copyrighted cherry blossom photograph.

2.  Mr. Santos is the owner of the entire right, title and interest in and to a copyrighted photograph depicting the Washington Monument and cherry blossoms in Washington D.C. (the "Copied Photograph") (Exhibit D) registered with the United States Copyright Office pursuant to registration number TXu-1-735-586 (the "Santos Copyright") (Exhibit E), and of the copyright therein. The effective date of the Santos Copyright is February 21, 2011.

3.  Defendant The Abacus Group, P.C. d/b/a MillerMusmar CPAs ("MillerMusmar") is, and at all relevant times has been, an accounting firm servicing the Northern Virginia and Washington D.C. area. Defendant is a business corporation with its principal place of business at 4000 Moss Drive, Annandale, Virginia 22003 and has offices in Reston and Manassas. MillerMusmar maintains a website at http://www.millermusmar.com/ that advertises its accounting services and also features articles related to accounting. Defendant operates in Northern Virginia its business which was advertised through the infringing Copied Photograph.

## NATURE OF THE ACTION

4.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 *et seq.*).

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction under 17 US.C. § 101 *et seq.*; 28 US.C. § 1331 (federal question jurisdiction); and 28 US.C. § 1338(a) (exclusive federal jurisdiction over copyright actions).

6. Mr. Santos is the owner of the entire right, title and interest in and to the Copied Photograph and the Santos Copyright and therefore has standing to sue for infringement.

7. Venue in this District and Division is proper under 28 US.C. §1400(a) because Defendant may be found and is located in this District and Division. Personal jurisdiction in this District and Division is proper because Defendant, without the consent of or permission from Mr. Santos, reproduced and publicly displayed over the Internet in this District and Division a copyrighted work for which Plaintiff has exclusive rights, and because Defendant is present in and is located in Prince William County or Manassas and Fairfax County.

8. Defendant is subject to personal jurisdiction in this District and Division and has committed acts of infringement within this District and Division as it transacts business in, is found in, and is located in, this District and Division.

9. Defendant's unauthorized copying, display and use of the Copied Photograph on its website for the purpose of advertising its services in this District and Division and in interstate commerce is without authority and infringes Mr. Santos's copyright in clear violation of the Act.

## STATEMENT OF FACTS

*Mr. Santos's Copyright*

10. The Santos Copyright was duly issued and registered to Mr. Randy Santos, the sole author of the subject matter claimed therein, on February 21, 2011. MillerMusmar's infringement commenced after the date of registration.

11. Mr. Santos has a disabled child. He and his family depend for their livelihood on people buying, rather that copying and misappropriating, Mr. Santos's copyrighted photographs.

*MillerMusmar's Infringement*

12. MillerMusmar has infringed and has willfully infringed the Santos Copyright in violation of the Act by displaying the Copied Photograph on its website without authorization for the purposes of commercial advertising and promotion (Exhibit F). MillerMusmar attempted to obliterate and conceal the watermark that Mr. Santos places on all of his images and which alerts any viewers that the work is copyrighted, but the outline of the watermark nevertheless remains on the image. (Exhibit G). Defendant's intentional obliteration of the watermark reflects MillerMusmar's willful intent to infringe. When searching the image using a Google image search (Ex. H), the only other website that appears is Mr. Santos's website, DCStockPhotos.com, where Mr. Santos explicitly admonishes that: "All content on this site, including all images and text, are © Randy Santos. No unauthorized use of any content without written permission." (Ex. A). The copyright notice for the Copied Photograph was published, posted and available at the time of MillerMusmar's copying. Further, once copied and posted on MillerMusmar's website, the Copied Photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing Mr. Santos's ability to secure his intellectual property rights and to earn a living from his art.

13. The parties have been unable to resolve this matter out of court since Mr. Santos sent a cease and desist and demand letter to MillerMusmar on October 10, 2013.

## COUNT I

## COPYRIGHT INFRINGEMENT

14. The foregoing allegations and averments to this Complaint are incorporated by reference into this Count I as though expressly stated therein.

15. Plaintiff is the registered owner of all right, title, and interest in and to the Copied Photograph that appeared on the website owned by Defendant. Plaintiff has registered the copyright of the relevant photograph of the cherry blossoms pursuant to a valid Certificate of Copyright Registration number TXu-1-735-586, registered in 2011 and issued by the Register of Copyrights. This work is referred to herein as the "Copied Photograph."

16. Plaintiff sells his photographs through websites he maintains at www.dcstockimages.com, www.dcstockphotos.com, and www.randysantos.com. On his websites, Plaintiff puts users on notice that the images appearing thereon are copyrighted and for sale and that unauthorized use or reproduction is prohibited. (Exs. A-C).

17. Defendant, without the permission or consent of Plaintiff, reproduced and displayed to the public the Copied Photograph on Defendant's website at http://millermusmar.com/~millermu/files/District%_20of%20Columbia%20Non-Profit%20 Exemptions.pdf. (Ex. F).

18. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and public display. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act of 1976 (17 US.C. § 101 *et seq.*). Defendant intentionally and wrongfully used Plaintiff's Copied Photograph to market and promote its facility and services, which means that Defendant leveraged the Copied Photograph for a commercial purpose and

5

received or hoped to receive a financial benefit from its use of the Copied Photograph. Further, once copied and posted on Defendant's website, the Copied Photograph became subject to further copying and misappropriation by additional users, substantially impeding and impairing Plaintiff's ability to secure his intellectual property rights and to earn a living from his art.

19. Even a minimal inquiry would have revealed to MillerMusmar that Mr. Santos was the owner of, and claimed exclusive copyright rights in, the Copied Photograph.

20. Even in federal copyright cases where infringement is *not* found to be willful, section 504(c)(1) of the Act authorizes an award of statutory damages of $30,000 per infringing instance. In instances where the infringing misconduct is found to constitute "willful" infringement, section 504(c)(2) of the Act provides that "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Willful infringement includes cases in which the copier knew, had reason to know, or recklessly disregarded the fact that his or her conduct constituted copyright infringement. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005); *Silver Ring Splint Co. v. Digisplint, Inc.*, 567 F.Supp.2d 847, 855 (W.D. Va. 2008) (awarding $30,000 in statutory damages).

21. Defendant's infringement was willful and intentional, and was committed with reckless disregard for, and with reckless or intentional indifference to, the rights of Plaintiff.

22. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 US.C. § 504 and to attorneys' fees and costs pursuant to 17 US.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

    A.    That this Court adjudge and decree that the Santos Copyright is valid and is enforceable against MillerMusmar.

    B.    That this Court adjudge and decree that Defendant has infringed the Santos Copyright; that its infringement was willful, and that it is liable to Mr. Santos for statutory damages in the amount of $150,000.00.

    C.    That this Court enter a permanent injunction providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights in the Copied Photograph and any photograph, whether now in existence or later created, that is owned or controlled by Plaintiff, including without limitation by using the Internet to reproduce or copy any of Plaintiff's photographs, to distribute any of Plaintiff's photographs, or to make any of Plaintiff's photographs available to the public, except pursuant to a lawful license or with the express written consent of Plaintiff. Defendant also shall destroy all copies of Plaintiff's photographs that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those copied photographs transferred onto any physical medium or device in Defendant's possession, custody, or control.

    D.    That this Court award Mr. Santos monetary damages through statutory damages pursuant to 17 U.S.C. § 504 in the amount of ($150,000.00) based on MillerMusmar's willful infringement of the Santos Copyright

    F.    That this Court award Plaintiff his costs.

    G.    That this Court award attorneys' fees in the amount of $50,000.00 to Mr. Santos and against Defendant pursuant to 35 U.S.C. § 285; and,

H. That this Court award costs and any other such relief that this Court deems just and equitable, including without limitation prejudgment interest at the statutory rate from October 10, 2013.

## DEMAND FOR JURY TRIAL

Mr. Santos demands trial by jury on all issues so triable.

Respectfully submitted,
RANDY SANTOS

DATED: December 1, 2014

By: /s/ Michael C. Whitticar

Michael C. Whitticar (DCB# MI0074) 32968
NOVA IP Law, PLLC
7001 Heritage Village Plaza, Suite 205
Gainesville, VA 20155
Phone: (571) 386-2980
mikew@novaiplaw.com
*Attorney for Plaintiff*